FILED
 2014 Mar-10  PM 02:55
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DERRICK MCCORMICK,** | } |
| | } |
| Plaintiff, | } |
| | } CASE NO. 4:12-CV-4032-SLB |
| v. | } |
| | } |
| **CAROLYN W. COLVIN,**[1] | } |
| **Commissioner, Social** | } |
| **Security Administration,** | } |
| | } |
| Defendant. | } |

## MEMORANDUM OPINION

This case is currently before the court on Plaintiff's Motion to Remand Pursuant to Sentence 6. (Doc. 12.) Upon review of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's Motion is due to be denied.

## PROCEDURAL HISTORY

Mr. McCormick initially filed an application for a period of disability, DIB, and SSI on July 27, 2009, alleging a disability onset date of December 8, 2008, (doc. 5-6 at 2; r. 129),

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit: "Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."

due to "Bipolar; possible PTSD," (doc. 5-7 at 6; r. 178).[2] After the Social Security Administration ["SSA"] denied his application, he requested a hearing before an Administrative Law Judge ["ALJ"], which was held on March 4, 2011. (Doc. 5-3 at 27; r. 26.) After the hearing, the ALJ found that plaintiff did not have an impairment or a combination or impairments listed in, or medically equivalent to one listed in, the Listings of Impairments. (Doc. 5-3 at 30; r. 29); *see* 20 C.F.R. § 404.1520(d). The ALJ also found that plaintiff retained the residual functional capacity to perform work-related activities at all levels of exertion, with certain restrictions unrelated to exertion, (doc. 5-3 at 31; r. 30), and that he was "capable of performing [his] past relevant work as a shipping and receiving weigher," (doc. 5-3 at 34; r. 33). In light of these findings, the ALJ found that Mr. McCormick was not disabled from December 8, 2008 through the date of the decision, March 21, 2011, and denied his request for a period of disability, SSI, and DIB. (*Id*.)

Plaintiff then requested the Appeals Council to review the ALJ's decision. (Doc. 5-3 at 22; r. 21.) The Appeals Council found no reason under its rules to review the ALJ's decision, and denied his request for review. (Doc. 5-3 at 8; r. 7.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id*.)

---

[2] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. When the document cited is duplicated in the bound physical copy of the transcript of the entire record of the proceedings, the page number of that transcript is also included, ["Doc. ___; r ___."].

Plaintiff filed a Motion to Remand Pursuant to Sentence 6, attaching certain treatment notes and a medical opinion dated subsequent to the date through which the ALJ determined that plaintiff was not disabled. (Doc. 12 and exhibits.) Later, plaintiff filed a Nov. 21, 2013 order from the Appeals Council as additional support for his Motion to Remand. (Doc. 15 and exhibits.)

## STANDARD OF REVIEW

"Section 405(g) permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands,' each of which remedies a separate problem." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 42 U.S.C. § 405(g)). "The sixth sentence of section 405(g) provides a federal court the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon a showing 'that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Ingram*, 496 F.3d at 1261 (quoting 42 U.S.C. § 405(g)). "[A] sentence six remand is appropriate only when the claimant submits evidence for the first time to the district court that might have changed the outcome of the administrative proceeding." *Timmons v. Comm'r of Soc. Sec.*,

522 F. App'x 897, 902 (11th Cir. 2013) (citing *Ingram*, 496 F.3d at 1267-68). "New evidence is material, and thus warrants a remand, if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.* at 902-903 (citing *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987)).

## **DISCUSSION**

Defendant is correct that only one treatment note from C.E.D. Mental Health Center dates to before the date of the decision. (*See* doc. 13 at 7.) "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b); *see also* § 416.1470(b). The treatment records after March 21, 2011 do not relate to the relevant time period and thus are not appropriate for consideration on remand. The treatment record dated February 24, 2011, does not contain any new material information. (Doc. 12-2 at 1.) Therefore, it does not warrant remand under sentence 6.

The medical opinion from Dr. Schosheim, (doc. 12-1), does not merit consideration on remand for three reasons:

(1) It is cumulative with the other medical records that diagnose plaintiff with bipolar disorder. This unhelpful cumulativeness is readily apparent since Dr. Schosheim is not an examining physician—he relied on plaintiff's treatment notes that were already in the record presented to the ALJ.

(2) To the extent that the opinion purports to assert that plaintiff's alleged impairments meet a listing, it has invaded the province of the ALJ and is not afforded any special weight. *See Kelly v. Comm'r of Soc. Sec.*, 401 F. App'x 403, 407 (11th Cir. 2010) (citing 20 C.F.R. § 404.1527(d); § 416.927(d)) ("A doctor's opinion on a dispositive issue reserved for the Commissioner, such as whether the claimant is 'disabled' or 'unable to work,' is not considered a medical opinion and is not given any special significance . . . but will be taken into consideration."). Especially considering the fact that Dr. Schosheim is not an examining physician, it is not reasonably probable that evidence of this nature would cause the ALJ to reach a different decision. *See Timmons*, 522 F. App'x at 902-903 (citing *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987)).

(3) Plaintiff has not shown good cause for why he could not have obtained and submitted Dr. Schosheim's statement to the ALJ earlier. Plaintiff argues that "[g]ood cause exists because the evidence did not exist and the ALJ failed to develop the Record and former counsel failed to develop the Record." (Doc. 12 at 4.) The court is not impressed with such "cause." True, Dr. Schosheim's opinion did not exist at the time of the hearing (likely because plaintiff's counsel had not yet thought to retain Dr. Schosheim: the medical interrogatory Dr. Schosheim filled out lists plaintiff's alleged onset date as March 22, 2011—the day after the ALJ signed his opinion, (doc. 12-1 at 1)). But the evidence upon which Dr. Schosheim relies existed, and the record at the time of the hearing was apparently developed well enough for Dr. Schosheim to review it—not the claimant—and conclude that

5

plaintiff met a listing. This is an attempt to "seek after-acquired evidence, and then use such evidence as an unsanctioned backdoor means of appeal." *Milano v. Bowen*, 809 F.2d 763, 767 (11th Cir. 1987) (internal quotation marks and citations omitted).

The order from the Appeals Council also does not warrant remand. The order directs the ALJ in plaintiff's second claim for disability to consider opinion evidence from a July 20, 2011 examination of plaintiff. (Doc. 15-1 at 2.) This examination was subsequent to the ALJ's opinion in plaintiff's disability claim currently before this court. (*See* doc. 5-3 at 35; r. 34.) The Appeals Counsel remanded because the ALJ in plaintiff's second claim found that plaintiff did not have a severe mental impairment, but did not adequately address the opinion that plaintiff had a severe affective disorder. (Doc. 15-1 at 2.) In the claim currently before this court, the ALJ found that plaintiff had a severe impairment of mood disorder and adequately addressed all opinion evidence available. The order is thus irrelevant.

## CONCLUSION

The court finds that Plaintiff's Motion To Remand Pursuant To Sentence 6, (doc. 12), is due to be denied. An Order denying the motion will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 10th day of March, 2014.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE